LELA AVANT V. CHAS. D. AUSTIN, BANKING COMMISSIONER, ET AL.

Application No. 14383.  Decided January 6, 1926.

(278 S. W., 1101.)

**Banking—Guaranty Fund—Interest-bearing Deposit.**

The deposit of money in a state bank on certificate of deposit bearing interest till maturity and not thereafter, did not become unsecured and non-interest-bearing, nor entitled, as such, to payment out of the guaranty fund, though more than three months before the bank failed and was closed by the Banking Commissioner the certificate had matured and thenceforth was not drawing interest.  There was no new contract, and the character of the deposit continued unaltered, interest to maturity furnishing a consideration.  (P. 168.)

Application by Lela Avant for writ of error to the Court of

Civil Appeals for the Eighth District, in an appeal from Reeves County.

The appellate court reversed and rendered against applicant a judgment of recovery against the Banking Commissioner and the members of the State Bank Board allowing her payment out of the guaranty fund of the amount of her deposit in the insolvent Pecos Valley State Bank. This had been made on an interest-bearing certificate which had matured and, by its terms, ceased to draw interest before the bank was closed. (Austin v. Avant, 277 S. W., 409.)

The application is refused with a memorandum opinion *per curiam.*

*Russell & Sturley,* for petitioner.

PER CURIAM: The deposit in this case in its inception was an interest bearing deposit, and while by the expiration of time it may have ceased to bear interest for such additional time as the money was left in the bank, yet the interest agreed upon for the specified time was compensation for such time as the money was left in the bank under the contract. The character of the contract was never changed. The certificate was not subsequent to the time it ceased to bear interest presented to the bank and a new deposit contract created. It is clear, therefore, that the deposit was not a non-interest-bearing deposit. The writ of error is accordingly refused.